UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WILKERSON,                    :        CIVIL ACTION NO. 3:CV-11-2193
                                     :
            Plaintiff                :        (Judge Nealon)
                                     :
      v.                             :
                                     :        **FILED**
                                     :        **SCRANTON**
UNITED STATES OF AMERICA,            :
                                     :        JUN 2 0 2012
            Defendants               :

                     **MEMORANDUM**          PER _____
                                                    DEPUTY CLERK

**Background**

        Robert Wilkerson, an inmate confined in the Allenwood United States Penitentiary,

White Deer ("USP-Allenwood"), Pennsylvania, filed  the above captioned action pursuant to the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.  Plaintiff alleges that "on or about

July 25, 2006, [he] injured [his] shoulder while playing softball at USP-Allenwood" and his

"shoulder was dislocated." (Doc. 1, complaint).  He further claims that despite "several attempts

to seek proper medical treatment at the prison's hospital", the "medical staff advised that [he]

only had a bruised shoulder." Id.  Plaintiff states that he "continued to have severe pain",

however, "medical staff continued to tell [him] there was nothing seriously wrong with [his]

shoulder." Id.  Plaintiff alleges that he repeatedly requested to see an orthopedic doctor and to

have an MRI of his shoulder. Id.  He submitted another request to see an orthopedic doctor on

June 19, 2007 (which was denied); on February 6, 2008, he was approved for an MRI; but he

saw medical staff on March 10, 2008, and was allegedly told he was "just getting old." Id.

Plaintiff states that he "was not given an MRI until on or about June 20, 2008." Id.  It was not

until July 23, 2008, that he saw an orthopedic doctor. Id.

Plaintiff alleges that "because of medical misdiagnosis and continued activities" and "because [he] was told it was nothing but a bruised shoulder, [he] would further tear [his] rotator cup [sic] on July 25, 2008", which "resulted in [him] having surgery to repair the damage that [he] had originally received back in July of 2006." Id. He claims he was denied surgery by the Utilization Review Committee ("URC") on July 24, 2008, and on October 21, 2008. Id. On December 4, 2008, the URC finally approved him for surgery. Id. Plaintiff alleges that the "medical staff were unprofessional, negligence [sic] in their treatment of [him] and fail[ed] to properly treat [him]." Id. Therefore, he alleges that for two and a half (2½) years he was denied proper medical care/treatment. Id.

On November 25, 2011, Plaintiff filed the instant action in which he claims that "as a direct and proximate result of the combined negligence of defendant's agents, servants, employees, plaintiff has suffered further injury to his shoulder, which caused severe pain and suffering and will continue to give plaintiff problems." Id. For relief, Plaintiff "demands a judgment against the defendant in the amount of $2,500,000.00; all legal fees arising in this matter; any future medical treatment/care; and all cost[s] associated with this suit." Id.

Presently pending before the Court is Defendant's motion for summary judgment. (Doc. 15). Defendant seeks summary judgment on the basis that Plaintiff failed to exhaust his administrative tort claim remedies. The parties have fully briefed the issues and the motions are now ripe for disposition. For the reasons that follow, the Court will grant the motion.

I.      **Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

2

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988).

In order to avoid summary judgment, parties may not rely on unsubstantiated allegations. The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. FED. R. CIV. P. 56(c)(1); see

<u>Celotex</u>, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment).  Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex</u>, 477 U.S. at 323; <u>see</u> <u>Harter v. G.A.F. Corp.</u>, 967 F.2d 846, 851 (3d Cir. 1992).  Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. FED. R. CIV. P. 56(e).

**II.       Statement of Facts**

From the pleadings, declarations, and exhibits submitted therewith, the following facts can be ascertained as undisputed.

Since the time of Plaintiff's alleged injury on July 25, 006, he has filed six (6) administrative tort claims with the Northeast Regional Office.  (Doc. 18-1, Ex. 1, Declaration of Vanessa Herbin-Smith, Supervisory Paralegal Specialist for the Northeast Regional Office of the Federal Bureau of Prisons at ¶ 12).

The following four tort claims filed by Wilkerson are not related to this action, or the July 25, 2006 incident:

> 1. TRT-NER-2007-01361 - sought $13.60 for a loss/injury that occurred on October 31, 2006.
>
> 2. TRT-NER-2007-0578 - sought $9.65 for a loss/injury that occurred on July 24, 2007.
>
> 3. TRT-NER-2010-06446 - sought $97.50 for a loss/injury that occurred on July 1, 2010; and

4.  TRT-NER-2011-00249 - sought $97. 50 for a loss/injury that occurred on July 6, 2010.

Id.

On April 23, 2009, Wilkerson filed administrative tort claim number TRT-NER-2009-03906, seeking $2,500,000.00, for a loss/injury that occurred on July 25, 2006. Id. at ¶ 13.  On May 13, 2009, this administrative tort claim was rejected because it was received in the Northeast Regional office beyond the two year statute of limitations period. Id. at ¶ 14.

On June 4, 2009, Wilkerson filed administrative tort claim number TRT-NER-2009-05316, seeking $2,500,000.00, for a loss/injury that allegedly occurred on "7/25/2006-1/6/09 inclusive". (Doc. 18-1, Ex. 1, Att. 2, Claim for Damage, Injury or Death).  On December 1, 2009, the Northeast Regional Office denied Plaintiff's claim based on the following:

> Your Administrative Tort Claim No. TRT-NER-1009-05316, properly received by the United States on June 4, 2009, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30.  You seek compensatory damages in the amount of $2,500, 000.00 for alleged medical negligence in treating a shoulder injury by the Health Services staff at the United States Penitentiary (USP) Allenwood.

> After careful review of this claim, I have decided not to offer a settlement. Investigation reveals that in July 25, 2006 you injured your shoulder while playing softball in recreation.  You were seen numerous times by health services staff who treated you with pain medication and issued you a sling. Since your initial treatment you continued to lift weights and play softball. Again, you were seen by health services staff numerous times.  You were treated with an injection and arthroscopy surgery was recommended.  Once approved, you received surgery.  During follow up you noted no complaints of pain, you had increased range of motion/strength, and your medication was discontinued.  While housed at USP-Allenwood you have received prompt and appropriate medical treatment.  There is no evidence to suggest you experienced a compensable loss as a result of negligence on the part of any Bureau of Prisons' employee.

5

Accordingly, your claim is denied. If you are dissatisfied with this decision, you may seek reconsideration from this office or bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

(Doc. 18-1, Ex. 1, Att. 3, Memorandum dated Dec. 1, 2009).

On December 17, 2009, Wilkerson refused to sign for a copy of the "Acknowledgment of Receipt - Denial of Tort Claim" letter. (Doc. 18-1, Ex. 1, Att. 4, Acknowledgment of receipt). This refusal was witnessed by Correctional Counselor Jon Grill. Id.

On November 25, 2011, Plaintiff filed the instant action pursuant to the Federal Tort Claims Act, seeking $2,500,000.00 for the alleged July 25, 2006 injury. (Doc. 1, complaint).

**III.      Discussion**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., is a statutory waiver of sovereign immunity for tort claims. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997). The FTCA allows the government to be sued "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, as the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required. Livera v. First Nat'l Bank, 879 F.2d 1186, 1194 (3d Cir. 1989).

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency. The FTCA provides:

An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "The statutory language is clear that a court does not have jurisdiction

6

before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." <u>Wilder v. Luzinski</u>, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing <u>McNeil v. United States</u>, 508 U.S. 106, (1993); <u>Wujick v. Dale & Dale</u>, 43 F.3d 790, 793-94 (3d Cir. 1994)).

Moreover, a claimant must abide by the strict time requisites codified in 28 U.S.C. § 2401(b) or its tort claim under the FTCA will be "forever barred."[1]  <u>See</u> <u>Bialowas v. United States</u>, 443 F.2d 1047, 1049 (3d Cir. 1971).  In order to sue the United States in district court and avoid violating the FTCA's express statute of limitations, a tort claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b); <u>see also</u> <u>Bialowas</u>, 443 F.2d at 1049.  Section 2401's "time bar is strictly construed." <u>Brown v. Camden County Counsel</u>, 2010 U.S. App. LEXIS 9826, *6 (3d Cir. 2010) (citing <u>Livera v. First Nat. State Bank of N.J.</u>, 879 F.2d 1186, 1195 (3d Cir. 1989)).

As is apparent from the undisputed facts, although Wilkerson exhausted his administrative tort claim remedies, he failed to file his civil action within six months after the denial of his tort claim as required by 28 U.S.C. § 2401(b) and his claim is now barred.  To the extent that Plaintiff states in his complaint that his administrative tort claim was denied on May 2, 2011, <u>see</u> (doc. 1, complaint at 1), even if the Court were to consider this date as the date of denial, Plaintiff's complaint, signed on November 18, 2011, and filed on November 25, 2011, is

---

1. Title 28 United States Code section 2401(b) states:

[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

still outside of the six month November 2, 2011, deadline.  Consequently, the Court does not have jurisdiction to hear Wilkerson's tort claim, and the Defendant is entitled to summary judgment.

A separate Order will be issued.

Dated:  June 20, 2012

**United States District Judge**